IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-0511 |
| PARRISH T. KAMMAUF, et al., | * | |
| Defendants. | *** | |

## MEMORANDUM

On February 26, 2020, the court received a 42 U.S.C. § 1983 prisoner civil rights action (ECF 1) and motion for leave to proceed in forma pauperis (ECF 2) filed by the self-represented plaintiff, Mich Aurel, a prisoner confined at the North Branch Correctional Institution. Aurel claims that the kosher meals he is receiving contain excessive levels of soy protein, "proven within the Medical and Dietary community to be harmful to the human male body." ECF 1 at 3. He states that these meals are known to cause medical issues that include "raised/elevated estrogen levels" and "harm to the liver and kidneys." *Id.* Aurel alleges he has experienced multiple symptoms dating to 2009 that include tingling of the mouth, hives, itching, eczema, swelling of the lips, face, tongue, throat and other body parts, runny nose, trouble breathing, and abdominal pain. Aurel states that he is seeking $11,000,000 in damages and requests that the court "investigate" how excess soy affects the body. *Id.*

On May 29, 2020, Aurel filed a supplement to the complaint, titled "Affidavit Emergency." ECF 7. In this document, Aurel states that his Jewish beliefs are being violated because when kosher meals are delivered, trays that are not kosher are being used. Aurel states he has filed "hundreds of complaints" with the defendants about the trays and food not being kosher. *Id.* at 1. Aurel requests transfer "to a new institution ASAP." *Id.* at 3.

Aurel has filed roughly 50 actions in this court over the past nine years. In three of the cases Aurel was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for failure to state a claim. Aurel has repeatedly been notified that the dismissals constituted "strikes" under 28 U.S.C. § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

As Aurel's case is subject to review under 28 U.S.C. § 1915(g), he may not proceed in this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI*, et al., Civil Action No. ELH-16-0851; and *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756.

[2] Specifically, §1915g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Aurel does not allege in this action that he is in imminent danger. In particular, Aurel's allegations that defendants are failing to provide kosher meals do not constitute imminent danger of serious physical injury.

In regard to Aurel's medical claims, the court notes that Aurel has another pending action, *Aurel v. Hallworth, et al.*, Civil Action No. ELH-19-0185, in which he has raised similar claims of abdominal pain as well as numerous other medical issues. Motions for summary judgment filed by defendant medical providers are pending in Civil Action No. ELH-19-0185. *Id.*, ECF 22; ECF 30. Aurel has had an opportunity to respond to the motions. *Id.*, ECF No. 24; ECF 31. Additionally, Aurel's previous litigation in this court has included multiple cases raising similar claims of untreated abdominal issues and other medical matters. *See Aurel v. Wexford*, Civil Action ELH-13-3721; *Aurel v. Warden, et al.*, Civil Action 15-1127; and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action ELH-15-1797. In those cases, the court examined Aurel's health care claims and granted judgment in favor of the medical defendants in each of these prior filings.

There is no basis for granting Aurel review of his current claims under the § 1915(g) exception. Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.

Date: June 19, 2020                      /s/
                                                         Ellen L. Hollander
                                                         United States District Judge